IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE M. CRUMPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 08 C 3467 |
| | ) | |
| RICH TOWNSHIP HIGH SCHOOL DISTRICT #227, | ) | Chief Judge James F. Holderman |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Diane M. Crumpley ("Crumpley"), a teacher formerly employed by Rich Township High School District No. 227 ("District"), brought this action against the District under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1963 (42 U.S.C. § 2000 *et seq.*), and the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) ("ADEA") after the District terminated her employment. The court previously granted the District's Motion for Summary Judgment as to Crumpley's discrimination claims under Title VII and the ADEA and denied the District's motion as to Crumpley's retaliation claim. (*See* Dkt. No. 57.) Currently, before the court is the District's "Motion for Summary Judgment on Plaintiff's First Amendment Retaliation Claim" [61] and Crumpley's "Motion to Reconsider" the court's ruling on the District's previous motion for summary judgment [67]. For the following reasons, the District's motion is granted, and Crumpley's motion and request for leave to file an amended complaint are both denied.

## BACKGROUND

On June 16, 2003, the District's Board of Education hired Crumpley as a special education teacher at the District's Rich East campus and approved a teaching contract for Crumpley for the 2003-2004 school year. (Def.'s Stmt. Undisputed Facts ¶¶ 6, 8.)[1] Crumpley was subsequently re-employed by the Board for the 2004-2005, 2005-2006 and 2006-2007 school years. (*Id.* ¶ 7.)

Under the collective bargaining agreement between the District and the teachers' union, the principals at each of the District's three campuses are responsible for conducting teacher performance evaluations. (*Id.* ¶ 9.) Additionally, each principal may select another administrator to assist them in the evaluation process. (*Id.* at Ex. 2, ¶ 6.) During the 2006-2007 school year, Dr. Jeff Craig was the principal of Rich East (*id.* ¶ 10), and he designated Kelly Gould to assist him in evaluating teacher performance (*id.* ¶ 11).

Teacher evaluations consisted of in-class observations by Principal Craig and Ms. Gould followed by performance review conferences. (Def.'s Stmt. Undisputed Facts, Ex. 7.) Principal Craig and Ms. Gould observed Crumpley on three separate occasions during the 2006-2007 school year. (*Id.*) At the end of the school year, Principal Craig and Ms. Gould prepared a "Summative Evaluation," and they assigned Crumpley an overall rating of "Unsatisfactory." (Def.'s Stmt. Undisputed Facts ¶ 15.) Subsequently, Principal Craig recommended to the District's human resources director that Crumpley be dismissed and not re-employed for the following school year due to her unsatisfactory performance. (*Id.* ¶ 20.) On March 19, 2007, the District's Board of Education voted to dismiss Crumpley. (*Id.* ¶ 23.)

---

[1] A more detailed factual description of this matter can be found in the court's Memorandum Opinion and Order entered on July 13, 2009.

On June 17, 2008, Crumpley filed this lawsuit against the District after her contract was not renewed, alleging that she had been terminated because of her white race, her female sex, and her age—at that time she was forty-two-years-old—as part of the District's policy to retain minority teachers. (Cmplt. ¶ 7.) Crumpley further alleged that her termination was in retaliation for reporting to the District's principal that minority teachers had falsified No Child Left Behind Act documents. (*Id.*) Essentially, Crumpley set forth three claims: 1) a violation of 42 U.S.C. § 1981; 2) race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 200 *et seq.*); and 3) age discrimination in violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 *et seq.*) ("ADEA").

The District filed a motion seeking summary judgment as to each of Crumpley's claims. The court granted the District's Motion as to Crumpley's discrimination claims under Title VII and the ADEA, but denied the District's Motion as to Crumpley's retaliation claim. (7/13/09 Mem. Op. & Order.) On July 16, 2009, the District filed a second motion for summary judgment addressing Crumpley's retaliation claim. On July 24, 2009, Crumpley filed a motion to reconsider the court's July 13, 2009 memorandum opinion and order. In the alternative, Crumpley requested leave to amend her complaint.

## ANALYSIS

I. **Defendant's Motion for Summary Judgment**

    A. **First Amendment Retaliation Claim**

Summary judgment can be granted only when the record shows "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a properly supported motion for summary judgment is made, the nonmoving party cannot rest on that party's pleadings but must affirmatively demonstrate by specific factual evidence that there is a genuine issue of material fact requiring trial. *Celotex*, 477 U.S. at 324; *Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006). Conclusory allegations, "if not supported by the record, will not preclude summary judgment." *Keri*, 458 F.3d at 628 (citing *Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir. 1997)). The failure to prove an essential element of the nonmoving party's case renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Crumpley has not disputed any of the material facts set forth by the District. (*See* Pl.'s Resp. Def.'s Stmt. Undisputed Facts.) Therefore, the court only needs to determine if the District is entitled to judgment as a matter of law.

The District contends that it is entitled to summary judgment as to Crumpley's First Amendment retaliation claim because the undisputed evidence establishes no recognized legal basis for the District's liability. First, the District argues that Crumpley cannot establish a First Amendment retaliation claim because *respondeat superior* is not a theory of liability which can be brought against a governmental body like the Board. Second, the District contends Crumpley, who bears the burden of proof, has presented no evidence demonstrating a "policy" or "custom" of retaliation by the District as is necessary for her to prevail under § 1983. The court, viewing the evidence in Crumpley's favor, agrees with the District.

4

*Respondeat superior* is a common law doctrine which allows an employer to be held liable for the wrongful actions of his employees committed within the scope of their employment. *See Hansen v. Bd. of Tr. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 612 (7th Cir. 2008). The United States Supreme Court has rejected *respondeat superior* as a basis for a First Amendment retaliation claim against a governmental entity. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 736 (1989); *see also Darchak v. Chicago Bd. of Educ.*, 2009 WL 2778227 (7th Cir. Sept. 3, 2009); *Horowitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 619–20 (7th Cir. 2001) (holding that the board of education defendant could not be found liable under the theory of *respondeat superior* for a First Amendment retaliation claim based on the actions of its employees, a principal and a superintendent).

> Crumpley's Complaint alleges:
>
> Defendant *by its agents and employees* discriminated against Plaintiff because of her white race, age (d.o.b. 5.2.64), and female sex in 2007 in the terms and conditions of her employment as a teacher by preparing phony performance reviews denying Plaintiff tenure with Defendant, favoring black teachers over Plaintiff by allowing said black teachers to get better performance reviews based on phony evaluations, then finally firing Plaintiff in March 2007 on the pretext of bad performance when the real reason was that *Plaintiff had reported to Defendant's Principal* the non-compliance and falsification of documents-records by Defendant's black teachers with the No Child Left Behind Act for students.

(Cmplt. ¶ 7 (emphasis added).)

As this court has previously found, Crumpley intended to bring her claim against the Board under the theory of *respondeat superior* liability by alleging that the District discriminated against her "by its agents and employees." (*See* 12/19/2008 Order.) Furthermore, Crumpley alleged that she was terminated as the result of reporting the falsification of records to "Defendant's Principal," not directly to the Defendant. Since the Supreme Court has expressly

5

rejected the use of *respondeat superior* in First Amendment retaliation claims, Crumpley cannot establish a First Amendment retaliation claim against the District under that theory of liability.

Furthermore, even if Crumpley did not intend to plead her claim under *respondeat superior* liability, Crumpley still cannot establish a First Amendment claim for retaliation. To allege that the District violated Crumpley's civil rights under § 1983, Crumpley needed to allege one of the following: 1) the District had an "express policy" that caused a constitutional violation; 2) the District had "a widespread practice" that was "so permanent and well settled as to constitute a custom or usage within the force of law"; or 3) Crumpley's injury was caused by a person or entity with "final policy making authority." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000).

Crumpley has failed to identify any express policy, custom or practice of the District which allegedly caused her injury. Additionally, Crumpley has not presented evidence to establish that a person or entity with final policymaking authority caused her alleged injury. Whether a person or entity has "final policymaking authority" is a question of state law. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1061 (7th Cir. 1998). In Illinois, a school district's board of education, as opposed to a school principal, "has full power to manage the schools and to adopt all rules and regulations needed for that broad purpose." *Duda*, 133 F.3d at 1061 (citing 105 ILCS 5/10-20.5). Additionally, the Seventh Circuit has determined that "nothing in the [Illinois] School Code" permits the inference that a principal has final policymaking authority in personnel decisions. *Id.* Therefore, the District's Board of Education, not Principal Craig, has "final policymaking authority." The mere fact that the District's Board accepted Principal Craig's recommendation not to renew Crumpley's contract is

not enough to grant him final policymaking authority for the purposes of a § 1983 claim. *See Darchak v. Chicago Bd. of Educ.*, 2009 WL 2778227, at *4 (7th Cir. Sept. 3, 2009) (holding that the board of education's decision to adopt a principal's recommendation to not renew a teacher's contract was not sufficient evidence to determine that the principal was a final policymaker).

Crumpley has neither alleged nor provided evidence that the District's Board of Education knew of her complaints about the alleged falsification of student portfolios by other teachers when the Board made its decision to dismiss Crumpley. Crumpley has only set forth evidence of complaints she made to Principal Craig, who did not have the final policymaking authority to terminate Crumpley. Thus, Crumpley cannot establish that her injury was caused by a person with a "final policymaking authority." Consequently, summary judgment is granted to the District as to Crumpley's First Amendment retaliation claim.

## II. Motion to Reconsider

The court will now address Plaintiff's Motion to Reconsider the July 13, 2009 Order that granted Defendant's motion for summary judgment as to Plaintiff's claims of discrimination and retaliation under Title VII and ADEA.

Motions to reconsider "serve the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). A party should not use a motion to reconsider to set forth arguments "that could and should have been made before the district court rendered a judgment." *County of McHenry v. Ins. Co. of the W.* 438 F.3d 813, 819 (7th Cir. 2006) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Furthermore, a motion to reconsider is not the appropriate forum for "rehashing previously rejected arguments."

*Caisse Nationale*, 90 F.3d at 1269. A district judge may reconsider a previous ruling only if there is "a compelling reason," such as a change or clarification of law that renders the prior ruling erroneous. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006).

### A. Discrimination Under Title VII and the ADEA

In her motion to reconsider, Crumpley does not bring forth any new evidence or argue that the court made a manifest error of law or fact. Crumpley merely contends that she can prove her reverse discrimination through the indirect method established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because of the "fishy fact-pattern" surrounding her termination. (Dkt. No. 67, Pl.'s Mot. Reconsider 1–2.) Crumpley previously made this same argument in her response to the District's original motion for summary judgment. (*See* Dkt. No. 40 at 2–3.)

Because Crumpley has not shown any newly discovered facts or a manifest error of law or fact, the court denies Crumpley's motion to reconsider her discrimination claims under Title VII and the ADEA.

### B. Retaliation Under Title VII and the ADEA

Crumpley has also requested that this court reconsider its ruling on her retaliation claim by arguing that the United State's Supreme Court decision in *Burlington Northern & Santa Fe R.R. Co. v. White*, 548 U.S. 53 (2006), is controlling. (*See* Dkt. No. 67 at 2–3.) The District argues *Burlington Northern* is "inapposite" (*see* Dkt. No. 76 at 7), and the court agrees. *Burlington Northern* simply explains what type of conduct constitutes retaliation, without altering the necessary elements for establishing a prima facie case. *See Burlington N.*, 548 U.S. 53.

Since Plaintiff has not presented any new evidence to establish a prima facie case of retaliation, the court denies Plaintiff's Motion to Reconsider the court's July 13, 2009 Order as to Plaintiff's retaliation claim.

**C. Alternative Requests for Leave to Amend Complaint**

In the alternative, Plaintiff seeks to amend her complaint with three new claims: 1) a §1983 claim adding "competent District officials" as parties; 2) a claim under the Illinois Whistleblower Act (740 ILCS 170/5 *et seq.*); and 3) a claim under the False Claims Act (31 U.S.C. §§ 3729(a), 3730(a) and 3730(b)(1)). A party may amend its pleading after the filing of an answer only with the written consent of the opposing party or by leave of the court. Fed. R. Civ. P. 15(a)(2). The court should "freely" give leave to amend "when justice so requires." *Id.* It is within the trial court's discretion whether or not to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Daugherity v. Traylor Bros., Inc.*, 970 F.2d 348, 351 (7th Cir. 1992).

**1. Section 1983**

Because the statute of limitations for a § 1983 claim in Illinois is two years, an amendment to Crumpley's complaint would be time barred unless the amendment "relates back" to Plaintiff's original complaint. *See Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). An amendment "relates back" to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back; [or]
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out —in the original pleading.

Fed. R. Civ. P. 15(c)(1).

9

Additionally, the amended pleading may change the party against who the claim is asserted if Federal Rule of Civil Procedure 15(c)(1)(B) is satisfied, and the party to be brought in by amendment has:

> (i) received such notice of the action [within the period provided by Rule 4(m) for serving summons and complaint] that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Crumpley has proposed an amended First Amendment retaliation claim against "individual competent District officials" as new defendants. This proposed claim allegedly arises out of the same occurrence set forth in Crumpley's original complaint. However, Crumpley has not satisfied the "mistake" provision of Rule 15(c). The Seventh Circuit has consistently held that the "mistake" provision of Rule 15(c) does not provide for relation back under circumstances where the mistake is due to "a lack of knowledge of the proper party." *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 598 (7th Cir. 2006)*; see also King* v. *One Unknown Fed. Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). "Plaintiffs have the responsibility to determine the proper parties before the statute of limitations expires." *Hall*, 469 F.3d at 598. "Plaintiff's ignorance or misunderstanding about who is liable for his injury is not a mistake as to defendant's identity." *Id*.

In this case, Crumpley has identified "competent District officials" such as Superintendent Hunigan, Principal Craig, and Special Education Coordinator Ms. Gould in connection with her Title VII and ADEA claims but has not named these individuals as

defendants.  (*See* Dkt. No. 42, Pl.'s Stmt. Additional Facts.)  Furthermore, the court previously presented Crumpley with an opportunity to join additional parties to her action, but she declined to amend her complaint.  (*See* Dkt. No. 24, Report Parties' Planning Meeting.)  Therefore, Crumpley has not met the mistake requirement in Rule 15(c), and her request for leave to file an amended complaint adding the "competent District officials" as defendants is denied.

### 2. Illinois Whistleblower Act

The one-year statute of limitations period for civil actions against Illinois local government entities, such as the District, applies to Illinois Whistleblower Act claims.  *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); *Padilla v. County of Cook*, 100 F. Supp. 2d 1145, 1147 (N.D. Ill. 2000).  Crumpley's original claim was filed on June 17, 2008, fifteen months after Crumpley's dismissal.  As a result, Crumpley's original claim was filed outside of the statute of limitations period for an Illinois Whistleblower Act claim.  Crumpley's request for leave to file an amended complaint adding an Illinois Whistleblower Act claim is denied.

### 3. The False Claims Act

The False Claims Act ("FCA") permits the federal government to impose civil sanctions on parties who commit fraud against the government.  *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 943 (7th Cir. 2002).  The FCA also allows individuals the right to bring a quit taum action for fraud, on behalf of the federal government, and receive proceeds from the action.  *Brandon*, 277 F.3d at 943.  A plaintiff may also bring a retaliatory discharge claim under the FCA.  *Id.*

In order to establish a prima facie case for retaliation under the FCA, Crumpley must

11

show that 1) her actions were taken "in furtherance of" a FCA enforcement action; (2) the District's Board of Education had knowledge that Crumpley was engaged in conduct protected by the FCA; and (3) her discharge was motivated by the protected conduct. *Id.* at 944. Furthermore, plaintiffs must voice their concerns of fraud publically; complaints made internally within their organization are not sufficient. *Id.*

In this case, there is no evidence in the record that Crumpley raised her concerns regarding the falsification of No Child Left Behind Act documents to government authorities. Additionally, there is also no evidence that the District's Board knew about Crumpley's allegetions regarding the falsification of documents when it terminated Crumpley. Therefore, any attempt by Crumpley to establish a prima facie case under the FCA would be fruitless. Consequently, Crumpley's request for leave to file an amended complaint containing a claim under the FCA is denied.

## **CONCLUSION**

For the foregoing reasons, the District's Motion for Summary Judgment [61] is granted. Additionally, Crumpley's Motion to Reconsider and her request for leave to file an amended

complaint [67] are denied. Judgment is entered in favor of the Defendant, District. This case is terminated.

ENTERED:

*James F. Holderman*

James F. Holderman
Chief Judge

Dated: September 15, 2009